UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| USDC SDNY | |
| DOCUMENT | |
| ELECTRONICALLY FILED | |
| DOC #:_____ | |
| DATE FILED:___5/15/2019___ | |

United States of America

v.

ANTONIO DIMARCO, and JOAKIM
VON DITMAR,

*Defendants.*

**Protective Order**

**18 Cr. 863 (VEC)**

Upon the application of the United States of America, with the consent of the undersigned

counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court

hereby finds and orders as follows:

1. **Disclosure Material.** The Government has made and will make disclosure to the

defendant(s) of documents, objects and information, including electronically stored information

("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the

Government's general obligation to produce exculpatory and impeachment material in criminal

cases, all of which will be referred to herein as "disclosure material." The Government's disclosure

material may include material that (i) affects the privacy and confidentiality of individuals; and

(ii) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary

for the defense of this criminal case.

2. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

1. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

2. Disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action.

3. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

4. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

### Disclosure and Protection of Seized ESI

5. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has obtained during the course of the investigation, from various computers, cell phones, and other devices and storage media.

2

The Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendant, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

6. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

### Return or Destruction of Material

7. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

3

of this litigation, including appeal. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

### Retention of Jurisdiction

__. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____        Date: 5/15/19
    Noah Falk/Tara La Morte
    Assistant United States Attorneys

_____        Date: 5/13/19
Jason Foy
Counsel for Antonio Dimarco

_____        Date: _____
Mark Gombiner/Christopher Flood
Counsel for Joakim Von Ditmar

SO ORDERED:

Dated: New York, New York
    May ___, 2019

_____
THE HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE

4

of this litigation, including appeal.  If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.  This provision does not apply to any disclosure material or ESI that belongs to the defendant.

### Retention of Jurisdiction

___. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____          Date: _____
     Noah Falk/Tara La Morte
     Assistant United States Attorneys

_____               Date: _____
Jason Foy
Counsel for Antonio Dimarco

_____               Date: _5/15/19_____
Mark Gombiner/Christopher Flood
Counsel for Joakim Von Ditmar

SO ORDERED:

Dated: New York, New York
         May 15, 2019

_____
THE HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE

4